IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TONY MILLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 1:08cv216-WC |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

# MEMORANDUM OPINION AND ORDER

**I.   INTRODUCTION**

Plaintiff Tony Miller applied for disability insurance benefits under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 404 *et seq.*, and supplemental security income benefits pursuant to Title XVI of the Act, 42 U.S.C. § 1381 *et seq*. Plaintiff's applications were denied at the initial administrative level. Plaintiff then requested and received a hearing before an Administrative Law Judge (ALJ). Following the hearing, the ALJ also denied the claims. The Appeals Council rejected a subsequent request for review. The ALJ's decision consequently became the final decision of the Commissioner of Social Security (Commissioner).[1] *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). The case is now before the Court for review under 42 U.S.C. § 405(g). Pursuant to 28 U.S.C. § 636(c),

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub. L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

both parties have consented to the conduct of all proceedings and entry of a final judgment by the undersigned United States Magistrate Judge. Pl.'s Consent to Jurisdiction (Doc. #7); Def.'s Consent to Jurisdiction (Doc. #8). Based on the Court's review of the record and the briefs of the parties, the Court REVERSES AND REMANDS the Commissioner's decision.

## II. STANDARD OF REVIEW

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 423(d)(1)(A).[2]

To make this determination, the Commissioner employs a five-step, sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920 (2006).

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1? [the Listing of Impairments]
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?
>
> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of "not

---

[2] A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

disabled."

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The burden of proof rests on a claimant through Step 4. *See Phillips v. Barnhart*, 357 F.3d 1232, 1237-39 (11th Cir. 2004). A claimant establishes a *prima facie* case of qualifying disability once they have carried the burden of proof from Step 1 through Step 4. At Step 5, the burden shifts to the Commissioner, who must then show there are a significant number of jobs in the national economy the claimant can perform. *Id*.

To perform the fourth and fifth steps, the ALJ must determine the claimant's Residual Functional Capacity (RFC). *Id*. at 1238-39. RFC is what the claimant is still able to do despite his impairments and is based on all relevant medical and other evidence. *Id*. It also can contain both exertional and nonexertional limitations. *Id*. at 1242-43. At the fifth step, the ALJ considers the claimant's RFC, age, education, and work experience to determine if there are jobs available in the national economy the claimant can perform. *Id*. at 1239. To do this, the ALJ can either use the Medical Vocational Guidelines[4] (grids) or call a vocational expert (VE). *Id*. at 1239-40.

The grids allow the ALJ to consider factors such as age, confinement to sedentary or light work, inability to speak English, educational deficiencies, and lack of job experience.

---

[3] *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986), is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits. Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See, e.g., Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981).

[4] *See* 20 C.F.R. pt. 404 subpt. P, app. 2.

Each factor can independently limit the number of jobs realistically available to an individual. *Phillips*, 357 F.3d at 1240. Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled." *Id*.

The Court's review of the Commissioner's decision is a limited one. This Court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). *See also Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) ("Even if the evidence preponderates against the Commissioner's findings, [a reviewing court] must affirm if the decision reached is supported by substantial evidence."). A reviewing court may not look only to those parts of the record which support the decision of the ALJ, but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings. . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

### III.   ADMINISTRATIVE PROCEEDINGS

Plaintiff was forty-four years old at the time of the hearing before the ALJ and had completed the eleventh grade. (Tr. 22, 313). Plaintiff's past relevant work experience was as a maintenance worker and laborer. (Tr. 22). Following the administrative hearing, and employing the five-step process, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date of July 9, 2004 (Step 1). (Tr. 20). At Step 2, the ALJ found that Plaintiff suffers from the following severe impairments: hypertension; arthritis; Post Traumatic Stress Disorder, Prolonged; Depressive Disorder, NOS; Cognitive Disorder, NOS. *Id*. The ALJ next found that Plaintiff's impairment or combination of impairments did not meet one of the listings (Step 3). *Id*. Next, the ALJ found that Plaintiff could not perform past relevant work (Step 4). (Tr. 22). The ALJ also queried a VE about whether Plaintiff's RFC precludes the performance of the types of jobs identified as Plaintiff's past relevant work. Based on the expert's testimony, the ALJ concluded that, given his age, education, past work experience, and RFC, Plaintiff could perform jobs that exist in significant numbers in the national economy. (Tr. 23). Thus, the ALJ determined Plaintiff was not disabled. *Id*.

### IV.   PLAINTIFF'S CLAIMS

Plaintiff claims that the final decision of the Commissioner is not supported by substantial evidence in the record and submits three discrete arguments in support of his claim: (1) "Did the ALJ commit reversible error when rating only three of the four 'b' criteria

5

in evaluating Mr. Miller's mental impairment?"; (2) "Even if we were to accept the ALJ's residual functional capacity (RFC) assessment, would there be substantial evidence to support the ALJ's step five finding of not disabled?"; and (3) "Does substantial evidence support the ALJ's RFC assessment, given the fact that the ALJ failed to acknowledge and evaluate the state agency non-examining reviewing physician's opinion that Mr. Miller was moderately limited in specific work-related functions?". (Doc. #15 at 1-2). All of these issues center around the ALJ's RFC determination and how Plaintiff's mental evaluation impacted the RFC. Because this Court finds the RFC determination to be insufficient and requires remand, the Court need not address all of the issues raised.

In addition, the Court spent a great deal of time in this matter attempting to decipher the ALJ's decision. Beyond the obvious typos, the decision failed to fully set forth the ALJ process in making his determinations and findings. The Court found problems with the decision that were not even raised by Plaintiff, but were nonetheless impediments to this Court's reviewing function. The Commissioner admits some of the mistakes and omissions and states that the ALJ's decision was at times "not ideal." (Doc. #20 at 13). Indeed, the Court expects that when Counsel for the Commissioner find themselves speculating as to an ALJ's findings and then stretching their arguments to fit that speculation, Counsel should consider whether a recommendation for remand may be more appropriate.

V. DISCUSSION

As the Court plodded through the ALJ's decision, it became clear that the ALJ's RFC

determination was insufficient. Plaintiff challenges this RFC determination in his second claim. The Commissioner urges this Court to not consider Plaintiff's claims because "the premise of 'Issue No. 2,' **which accepts the propriety of the ALJ's RFC assessment**" is at odds with Plaintiff's challenges to the exertional and nonexertional aspects of the RFC. (Doc. #20 at 12) (emphasis in original). Essentially, the Commissioner argues that because this Court's Scheduling Order states that "Issues not presented in the Statement of the Issues will not be considered," and because the title of Plaintiff's second claim accepts the propriety of the RFC, challenges within the claim to the RFC should not be entertained.

First, the Court notes the irony of the Commissioner's argument: the Commissioner asks this Court to ignore Plaintiff's claim based on its inartful titling, yet, within this issue, defends the ALJ's decision as merely inartful wording. It appears to this Court that any confusion as to what Plaintiff meant in stating "[e]ven if we were to accept the ALJ's residual functional capacity (RFC) assessment" is attributable to the confusing nature of the ALJ's RFC determination.

The ALJ's RFC determination reads as follows: "After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform work that does not require lifting or carrying 50 pounds frequently and 10 pounds frequent [sic] and no more than unskilled work." (Tr. 20-21). The problem with this RFC determination, beyond the obvious, is that it is not supported within the ALJ's decision. The Court is left to speculate how the ALJ came to the lifting limitations (whatever they may

7

actually be) and how the ALJ integrated the nonexertional limitations of "mild limitations as to activities of daily living; mild or moderate limitations in social functioning; moderate limitations on maintaining concentration, persistence or pace." (Tr. 20). Instead, "[t]he mental RFC assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment." Social Security Ruling 96-8p.

Plaintiff rightly asserts that the Commissioner's argument that the exertional limitations were simply typographical errors and the ALJ's exertional limits were meant to mirror those expressed in the medium work designation[5] fails because the ALJ found that Plaintiff could not perform past relevant work and the VE testified that Plaintiff's past relevant work was as a cabinet assembler, kitchen worker, and tree trimmer were all medium in exertion and unskilled, and the ALJ found Plaintiff could not perform past relevant work.[6] In other words, the ALJ could not have been meant to find that Plaintiff could perform "full range of medium unskilled work."

Indeed, the ALJ's decision expressly states that "the claimant's ability to perform all or substantially all of the requirements of [medium work] has been impeded by additional limitations," (Tr. 23), but, does not go on to say what those limitations are and how they are included in the RFC. While the ALJ need not "specifically refer to every piece of evidence

---

[5] This appears reasonable because the ALJ does mention the medium work designation throughout the decision.

[6] For some reason the ALJ, failed to mention the past relevant jobs stated by the VE and the VE's statement that Plaintiff could perform them. *See* (Tr. 437).

in his decision," *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005), his findings need be sufficiently clear to allow this Court meaningful review. *See Maffia v. Comm'r of Soc. Sec.*, 291 Fed. App'x. 261, 265 (11th Cir. 2008) (insufficient findings by ALJ make it impossible to conduct meaningful review of ALJ's decision).

Further, the ALJ discounted the I.Q. finding of 49[7] by Dr. Sphere, relying, in part, on the reports by Dr. George that Plaintiff performed a wide range of activities, including listening to music and playing games. However, Dr. George also opined that Plaintiff would be unable to persist in a job setting. (Tr. 21). While the ALJ mentions Dr. George's findings he fails to state how he discounted aspects of Dr. George's opinion, while at the same time relying on it to discount Dr. Sphere's opinion. Further, the ALJ also relied on Dr. McKeown's determination that Plaintiff functioned in the low average intellectual range, but failed to mention how the limitations expressed by Dr. McKeown, and adopted by the ALJ, affected Plaintiff's RFC. The ALJ cannot pick and choose from the evidence in order to support his conclusions. *See Robinson v. Barnhart*, 366 F.3d 1078, 1083 (10th Cir. 2004) ("The ALJ is not entitled to pick and choose from a medical opinion, using only those parts that are favorable to a finding of nondisability") (citing *Switzer v. Heckler*, 742 F.2d 382, 385-86 (7th Cir.1984)).

Overall, the Court would be required to engage in imprudent amounts of speculation

---

[7] Dr. Sphere's report states an IQ of 49, (Tr. 434), however, the ALJ decision refers to the score as both 45 and 40. (Tr. 21)

9

to review the ALJ's decision in this case. *See Maffia,* 291 Fed. App'x. at 265. Therefore, this case should be remanded to allow the ALJ to clarify his RFC determination, so that this Court can give it meaningful review. In addition, the Court instructs the ALJ to review the other issues raised by Plaintiff and determine whether he can provide clarity as to the fourth prong of the PRTF and discuss his reliance on or dismissal of the State agency physician's mental RFC.

## IV.   CONCLUSION

The Court has carefully and independently reviewed the record and concludes the decision of the Commissioner is REVERSED and the case REMANDED for further proceedings consistent with this opinion. A separate judgment will issue.

DONE this 15th day of June, 2009.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED   STATES   MAGISTRATE   JUDGE